■ AEROLINEAS GALAPAGOS, S.A., Appellant, v SUNDOWNER ALEXANDRIA, LLC, Respondent, et al., Defendants. [905 NYS2d 152]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 12, 2010, which denied plaintiff's motion to amend its complaint to, inter alia, reassert previously dismissed causes of action for fraudulent inducement, negligent misrepresentation and tortious interference with contract and to reassert claims against previously dismissed parties, unanimously affirmed, with costs.

The proposed amendment was palpably insufficient as a matter of law (*see Thompson v Cooper*, 24 AD3d 203, 205 [2005]). The claim for fraudulent inducement lacked merit, as the purportedly new evidence did not support the claim that, at the time it entered into the subject agreements, Sundowner did not intend to comply with its obligations, and all of the tort claims

were merely duplicative, seeking the identical damages as the breach of contract claim (*see Town House Stock LLC v Coby Hous. Corp.*, 36 AD3d 509 [2007]). In addition, the parties to the agreements dealt at arm's length, so the close relationship required to support the negligent misrepresentation claim was lacking (*see J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]; *Bostany v Trump Org. LLC*, 73 AD3d 479 [2010]). Since the proposed claims against Sundowner were insufficient, they were also insufficient as to AerCap and Ryan, rendering it unnecessary to determine whether they and Sundowner had either an agency or alter ego relationship; we note, however, that the alter ego claim was unsupported (*see Wing Wong Realty Corp. v Flintlock Constr. Servs., LLC*, 71 AD3d 537 [2010]). It is also unnecessary to determine whether the claims were barred by the merger clauses.

We have considered plaintiff's other contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Sweeny, Freedman and Abdus-Salaam, JJ.