Dragons 516 Ltd. v GDC 138 E 50 LLC (2022 NY Slip Op 00121)





Dragons 516 Ltd. v GDC 138 E 50 LLC


2022 NY Slip Op 00121


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Gische, J.P., Kern, Friedman, Oing, Singh, JJ. 


Index No. 651690/19 Appeal No. 15043 Case No. 2020-04604 

[*1]Dragons 516 Limited, Plaintiff-Appellant,
v
GDC 138 E 50 LLC, Defendant, Shanghai Municipal Investment (Group) USA LLC, Defendant-Respondent.


O'Melveny & Myers LLP, New York (Daniel S. Shamah of counsel) and Debevoise & Plimpton LLP, New York (William H. Taft of counsel), for appellant.
Lonuzzi & Woodland, LLP, Brooklyn (John Lonuzzi of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered October 15, 2020, which denied plaintiff's motion to amend the amended complaint, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in denying the motion to amend, as the claims and allegations as set forth in the proposed second amended complaint (PSAC) either fail to state a cause of action or are palpably insufficient as a matter of law (see Murray v New York, 43 NY2d 400, 404 [1977]; Aerolineas Galapagos, S.A., v Sandowner Alexandria, 74 AD3d 652, 652 [1st Dept 2010]). Plaintiff's aiding and abetting and conspiracy to commit fraud claims against defendant Shanghai Municipal Investment (Group) USA LLC (SMI) and the proposed new defendant, SMI 138 E 50 ST LLC (SMI Holdco) necessarily hinge on a viable underlying fraud claim against GDC. Plaintiff alleges in the PSAC that GDC fraudulently induced it to enter into a financing agreement by misrepresenting the structure of the underlying project. Because plaintiff already obtained a judgment against GDC for a breach of contract and duplicative damages for fraudulent inducement are not recoverable, there is no viable fraud claim against GDC (see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 179 AD3d 518 [1st Dept 2020]). Furthermore, New York does not recognize conspiracy to commit fraud as a standalone cause of action (see Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 474 [1st Dept 2010]).
Supreme Court also properly rejected plaintiff's argument regarding the quasi-contract claims for unjust enrichment and money had and received. Quasi-contract claims are barred when the complaint alleges the existence of an express contract covering the dispute (Clark-Fitzpatrick, Inv. v Long Island Railroad Co., 70 NY2d 382, 388 [1987]). This prohibition against quasi-contractual claims in the face of an express contract applies not only to the parties in privity of contract, but noncontracting parties, such as SMI and SMI Holdco, as well (see Feigen v Advance Capital Mgt. Corp., 150 AD2d 281, 283 [1st Dept 1989], lv dismissed in part, denied in part 74 NY2d 874 [1989]). The PSAC does not sufficiently allege that SMI/SMI Holdco were unjustly enriched or received the funds from plaintiff such that any aspect of the loan transaction did not fall within the loan agreement. Rather, plaintiff merely speculates in the PSAC that because the bank account where the funds were transferred bore the same office address as SMI and SMI Holdco, SMI or SMI Holdco received the funds. This speculation, however, is insufficient to support the proposed quasi-contract claims.
Plaintiff's proposed claims for conversion and aiding and abetting conversion fail for similar reasons. The tort of conversion is established where "one who owns and has a right to possession of personal property proves that the property is in the unauthorized possession of another who has acted to exclude the rights of the owner" (Republic of Haiti v [*2]Duvalier, 211 AD2d 379, 384 [1st Dept 1995]). However, as noted, plaintiff has not sufficiently alleged that SMI or SMI or Holdco is in the unauthorized possession of the funds. Likewise, the aiding and abetting conversion claim, which "requires the existence of a conversion," also fails (William Doyle Galleries, Inc. v Stettner, 167 AD3d 501, 505 [1st Dept 2018]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022