Cortlandt St. Recovery Corp. v Bonderman (2024 NY Slip Op 01250)

Cortlandt St. Recovery Corp. v Bonderman

2024 NY Slip Op 01250

Decided on March 07, 2024

Appellate Division, First Department

Shulman, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels
Jeffrey K. Oing Barbara R. Kapnick Martin Shulman Bahaati E. Pitt-Burke

Index No. 653357/11 Appeal No. 1658 Case No. 2023-01928 

[*1]Cortlandt Street Recovery Corp., Plaintiff, Wilmington Trust Company etc., Plaintiff-Respondent-Appellant,
v
David Bonderman et al., Defendants, TPG Capital-New York, Inc., et al., Defendants-Appellants-Respondents, Giancarlo Aliberti et al., Defendants-Respondents.

Certain defendants appeal, and a plaintiff cross-appeals from the order of the Supreme Court, New York County (Robert R. Reed, J.), entered March 20, 2023, denying the motion of the TPG defendants for summary judgment dismissing the alter ego-based claims for enforcement of judgment as against them and granting the motion of defendants Giancarlo Aliberti, Matthias Calice, and Apax Partners, L.P. seeking the same relief.

Kasowitz Benson Torres LLP, New York (Paul M. O'Connor, III, David J. Abrams and Andrew H. Elkin of counsel), for appellants-respondents.
Foley & Lardner LLP, New York (David B. Goroff of the bar of the State of Illinois, admitted pro hac vice, Alissa M. Nann and Peter N. Wang of counsel), for respondent-appellant.
Clifford Chance US, LLP, New York (Anthony M. Candido of counsel), for Giancarlo Aliberti, respondent.
Ropes & Gray LLP, New York (Robert S. Fischler, Gregg L. Weiner and Alexander B. Simkin of counsel), for Apax Partners, L.P., respondent.

Shulman, J. 

A party seeking to pierce the corporate veil must show "complete domination of the corporation in respect to the transaction attacked" and that "such domination was used to commit a fraud or wrong against the plaintiff" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]). Because "New York law disfavors disregard of the corporate form" (Sutton 58 Assoc. LLC v Pilevsky, 189 AD3d 726, 729 [1st Dept 2020] [internal quotation marks omitted]), "[m]ere conclusory allegations that the corporate structure is a sham are insufficient to warrant piercing the corporate veil" (Metropolitan Transp. Auth. v Triumph Adv. Prods., 116 AD2d 526, 528 [1st Dept 1986]). Instead, the party seeking to pierce the corporate veil "must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party" (Morris, 82 NY2d at 142).
Plaintiff failed to raise an issue of fact precluding summary judgment in favor of defendants TPG Capital, L.P., TPG Capital-New York, Inc., TPG Genpar IV, L.P., TPG Partners IV, L.P., TPG Advisors IV, Inc., T3 Genpar II, L.P., T3 Partners II, L.P., T3 Parallel II, L.P., and TPG Advisors II, Inc. (collectively, the TPG Defendants). Plaintiff points to tangential relations of each of the TPG Defendants to the transaction at issue and contends that when the actions of each of the nine TPG Defendants are taken as a collective whole, the evidence supports an alter ego claim. However, plaintiff's cited authority in support of disregarding the corporate form in favor of a collective alter ego liability theory is inapposite because those courts held that each defendant was the alter ego of another (see Perez v Masonry Servs., Inc., 189 AD3d 703, 704 [1st Dept 2020], lv denied 37 NY3d 903 [2021] [specifically finding that the defendants treated two corporate entities "as a single entity," and thus "abused the privilege of doing business [*2]in the corporate form"]; Wm. Passalacqua Bldrs., Inc. v Resnick Devs. S., Inc., 933 F2d 131, 139-141 [2d Cir 1991] [specifically detailing the evidence demonstrating the "blurred" "lines of corporate control and responsibility" and "high degree of intermingling" among various entities "all controlled either directly or indirectly by family members"]).
Regardless, plaintiff's evidence is devoid of proof sufficient to raise an issue of fact as to how each of the TPG Defendants, even when viewed as a collective whole, exercised "complete domination" over the purportedly dominated companies (the Hellas entities), let alone how "such domination was used to commit a fraud or wrong against the plaintiff" (see Morris, 82 NY2d at 141). In considering domination, courts consider factors such as
"the disregard of corporate formalities; inadequate capitalization; intermingling of funds; overlap in ownership; officers, directors and personnel; common office space or telephone numbers; the degree of discretion demonstrated by the alleged dominated corporation; whether the corporations are treated as independent profit centers; and the payment or guarantee of the corporation's debts by the dominating entity" (Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167, 174 [1st Dept 2013] [internal quotation marks omitted]).
Supreme Court erred in assessing these factors under a collective liability theory by treating the TPG Defendants as a single entity.
Plaintiff offers no evidence sufficient to demonstrate how the individual TPG Defendants satisfy the alter ego factors. Notably, plaintiff has offered no particularized proof that the TPG Defendants: owned any stock in any Hellas entity; played any role in the issuance of the offering memorandum and eventual 2006 corporate recapitalization; disregarded any of the corporate formalities (as plaintiff's expert concedes); intermingled its funds with those of any Hellas entity; shared its officers, directors and corporate personnel or even common office space and telephone numbers with any Hellas entity; interfered with the ability of any Hellas entity to make independent business decisions; or failed to treat the Hellas entities as independent profit centers.
Contrarily, plaintiff's conclusory allegations as to the tenuous ties of an individual associated with the TPG Defendants or any TPG entity to a purportedly dominated Hellas entity and the transaction at issue are insufficient as a matter of law to establish alter ego liability.
The alter ego claim was properly dismissed as against individual defendants Giancarlo Aliberti and Matthias Calice, as there is no evidence that they were "actually doing business in their individual capacities, shuttling their personal funds in and out of the corporations without regard to formality and to suit their immediate convenience"
(Walkovszky v Carlton, 18 NY2d 414, 420 [1966] [internal quotation marks omitted]; see also Art Capital Bermuda Ltd. v Bank of N.T. Butterfield & [*3]Son Ltd., 169 AD3d 426, 427 [1st Dept 2019]).
The alter ego claim was also properly dismissed as against defendant Apax Partners, L.P., which had no involvement in the transaction at issue. However, sanctions are not warranted.
Accordingly, the order of the Supreme Court, New York County (Robert R. Reed, J.), entered March 20, 2023, which denied the motion of the TPG Defendants for summary judgment dismissing the alter ego-based claims for enforcement of judgment as against them and granted the motion of defendants Giancarlo Aliberti, Matthias Calice, and Apax Partners, L.P. seeking the same relief, should be modified, on the law,
to grant the motion of the TPG Defendants, and otherwise affirmed, without costs. 
Order Supreme Court, New York County (Robert R. Reed, J.), entered March 20, 2023, modified, on the law, the motion granted as to the TPG Defendants, and otherwise affirmed, without costs.
Manzanet-Daniels, J.P., Oing, Kapnick, Shulman, Pitt-Burke, JJ. Opinion by Shulman, J. all concur. M-5223 — Cortlandt Street Recovery Corp. v Bonderman
Motion to strike portions of plaintiff's reply brief as improper
surreply denied. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024