Gross v Hearing Better for Life, LLC (2024 NY Slip Op 50530(U))

[*1]

Gross v Hearing Better for Life, LLC

2024 NY Slip Op 50530(U)

Decided on May 6, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 6, 2024
Supreme Court, New York County

MIRIAM R. GROSS, as Trustee of the MIRIAM R. GROSS 
 2018 GRANTOR RETAINED ANNUITY TRUST#2, Plaintiff,

against
Hearing Better for Life, LLC, TANTILLO LAW, PLLC, BRENT S. TANTILLO, CHERYL ANN MONACO, STEVEN WISE, and ATLAS WORLDWIDE LLC, Defendants.

Index No. 653906/2021

Attorney for Plaintiff:
Philip J. Morrow, Esq. of CALCAGNI & KANEFSKY, LLP

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89 were read on this motion to/for JUDGMENT - DEFAULT
The following e-filed documents, listed by NYSCEF document number (Motion 005) 94, 95, 96, 97, 98, 99, 100, 101, 102, 103 were read on this motion to/for JUDGMENT - DEFAULT.

Motion sequence numbers 004 and 005 are consolidated herein for disposition.
This action stems from a $2 million loan by the Miriam R. Gross 2018 Grantor Retained Annuity Trust #2 (the Gross Trust) to defendant Hearing Better for Life, LLC (HBFL) and a promissory note providing for the repayment thereof. In motion sequence number 004, plaintiff Miriam R. Gross, as trustee of the Gross Trust, moves pursuant to CPLR 3215 for leave to enter default judgment (1) against HBFL on the third cause of action for breach of contract, (2) against defendant Atlas Worldwide LLC (Atlas) on the tenth and eleventh causes of action for money had and received and unjust enrichment, and (3) against defendant Steven Wise on the second, [*2]seventh, ninth, tenth, and eleventh causes of action for, respectively, fraudulent concealment, aiding and abetting breach of the fiduciary duty, aiding and abetting conversion, money had and received and unjust enrichment, based on these defendants' failure to answer or appear in the action. Similarly, in motion sequence number 005, plaintiff moves pursuant to CPLR 3215 for leave to enter default judgment against defendant Tantillo Law generally as to the verified amended complaint for its failure to answer or appear in the action. For the reasons set forth herein, the motions are granted in part.
I. BACKGROUND
The following facts are taken from plaintiff's verified amended complaint.
The Gross Trust is a Grantor Retained Annuity Trust for the benefit of plaintiff Miriam R. Gross as trustee. On or about April 29, 2018, the Gross Trust entered into an arrangement to provide a $2 million loan (Loan Amount) to defendant HBFL, by way of an escrow account managed by Tantillo Law as Escrow Agent. On the same day, the Gross Trust, HBFL, and Tantillo Law executed a promissory note providing for the repayment thereof (see verified amended complaint, exhibit D [promissory note]).
In the promissory note, it was acknowledged that the Gross Trust, as Lender, had paid $2 million directly to an IOLTA Account (Escrow Account) belonging to defendant Tantillo Law, which was to be disbursed to HBFL, as Borrower, in portions according to the following arrangement: Disbursements would occur upon receipt of proof of HBFL's sale of a hearing device to an entity called Denefits LLC (Denefits) and of a guarantee of payment from Denefits, guaranteed by Denefits and JPMorgan Chase (Guaranteed Payments). HBFL was to instruct Denefits to make its payments directly to the Escrow Account. Then, Tantillo Law was to make monthly payments to the Gross Trust consisting of all payments Denefits made to the Escrow Account, as repayment of the amounts disbursed to HBFL. Regardless of these payments, however, HBFL was to make monthly payments to Tantillo Law for payment to the Gross Trust, consisting of interest on the disbursed amount at the rate of 12.5% per annum, and, by April 28, 2020, to pay the full outstanding principal balance of the Loan Amount, together with unpaid interest, charges, costs and expenses.
The promissory note also provided for five percent interest per annum on any overdue payments, due and payable on demand by the Gross Trust.
As Escrow Agent, Tantillo Law had the obligation to (1) provide the Gross Trust with monthly reports of HBFL's sold inventory and Guaranteed Payments received, (2) keep records of and provide the Gross Trust with reports of disbursements and payments to the Gross Trust, the nature of such payments, and the disbursed amounts, and (3) file all UCC statements necessary to secure the financing evidenced by the promissory note.
HBFL was owned and controlled by defendants Monaco and Wise.
According to the records of the District of Columbia Department of Consumer and Regulatory Affairs, Brent Tantillo is the sole beneficial owner of Tantillo Law (collectively, the Tantillo defendants). At oral argument on motion sequence number 003, Tantillo represented that Tantillo Law is no longer in existence and has no assets (see NYSCEF doc. no. 103, tr at 8, line 25; at 9, lines 1-4).
From May 2, 2018 to October 22, 2018, at the direction of Monaco and Wise, the Tantillo defendants sent the entirety of the Loan Amount to defendant Atlas, another entity owned by Monaco and Wise, over seventeen payments, as evidenced by bank statements [*3]plaintiff obtained from filings in another legal action. In contrast, plaintiff has not received a single payment from the Escrow Account to date.
In addition, according to plaintiff, a search of the New York State Department of State's Uniform Commercial Code databases does not reveal any statements regarding the loan made by the Gross Trust to HBFL, indicating that the Tantillo defendants did not fulfill their obligation under the promissory note to file UCC financing statements evidencing the financing secured by the promissory note.
In August and September of 2020, the Gross Trust contacted Tantillo via email, letter, and telephone to ask him to confirm whether the Loan Amount remained in the Escrow Account and asked him to provide various records regarding any disbursements from the Escrow Account, required reports, sales of hearing devices, or filed UCC statements. Tantillo did not provide any such information.
Plaintiff commenced this action on June 17, 2021.
According to plaintiff, after commencing the action, plaintiff learned for the first time that Wise had an ownership interest in HBFL, as well as the ability to access and control HBFL's accounts—although no official documents reflect this information. Plaintiff represents that she previously believed Monaco was the sole owner of HBFL. Plaintiff also learned that Wise has been convicted of two counts of conspiracy to commit securities fraud and one count of securities fraud, which was not disclosed to plaintiff at the time of execution of the promissory note.
On February 14, 2023, pursuant to the court's leave to do so (mot. seq. no. 002), plaintiff filed a verified amended complaint, asserting twelve causes of action.
Notably, on March 29, 2023, Tantillo appeared in the case by moving to dismiss plaintiff's verified amended complaint (mot. seq. no. 003). Tantillo purported to move on his own behalf and on behalf of Tantillo Law, but the court observed that, as he is not a licensed attorney in the State of New York, Tantillo cannot represent the interests of Tantillo Law (see NYSCEF doc. no. 103, tr at 14, lines 21-25; at 15 line 1). Therefore, the motion was considered only as it applied to his interests individually (id. at 15, lines 2-3). Tantillo's motion was granted in part.
In response to Tantillo's motion, plaintiff had cross-moved for default judgment against Tantillo Law. At oral argument on the motion, Tantillo represented that, as Tantillo Law had been out of business since January 2021, he had no interest in engaging an attorney to represent it with respect to the cross-motion (id. at 9, lines 17-23). Nevertheless, the court denied plaintiff's unopposed cross-motion without prejudice, observing that plaintiff had not completed additional service on Tantillo Law as required by CPLR 3215 (g) (4) (i).
Subsequently, Tantillo answered the complaint on December 21, 2023, appearing pro se, solely on his own behalf.
Plaintiff filed the instant motion for default judgment against HBFL, Atlas, and Wise (mot. seq. no. 004) on November 16, 2023 and the motion for default judgment against Tantillo Law (mot. seq. no. 005) on February 28, 2024. Both motions are unopposed.

 II. DISCUSSION
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing" (Atlantic Cas. [*4]Ins. Co. v RJNJ Services, Inc., 89 AD3d 649 [2d Dept 2011], citing CPLR 3215 [f]; Allstate Ins. Co. v Austin, 48 AD3d 720, 720 [2d Dept 2008]). "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" (Joosten v Gale, 129 AD2d 531, 535 [1st Dept 1987]; see Martinez v Reiner, 104 AD3d 477, 478 [1st Dept 2013]).
A. Service of process and default
Plaintiff has demonstrated service of the summons and verified amended complaint upon defendants HBFL, Atlas, Wise, and Tantillo Law through submitting affidavits of service, which "constitute[] prima facie evidence of proper service" (Ocwen Loan Servicing, LLC v Ali, 180 AD3d 591, 591 [1st Dept 2020]).
Plaintiff served HBFL and Atlas by service on the Secretary of State, in compliance with Limited Liability Company Law § 303 (a); and served Wise by affixing the documents to the door of his last known address, and mailing copies to his residence in compliance with CPLR 308 (4) (see affirmation of plaintiff's counsel in support of mot. seq. no. 004, exhibit E, F, G). Plaintiff also served Tantillo Law by service on Tantillo, in compliance with CPLR 311-a (a) (iv) (see affirmation of plaintiff's counsel in support of mot. seq. no. 005, exhibit D). CPLR 311-a (a) (iv) permits service on a foreign limited liability company such as Tantillo Law, which was located in Washington, D.C., by delivering process to a person designated by the LLC to receive process.
In addition, plaintiff has submitted proof of additional service on Tantillo Law pursuant to CPLR 3215 (g) (4) (i) (see affirmation of additional service of Jennifer O'Neill), addressing the deficiency of her previous cross-motion for default judgment against Tantillo Law (see mot. seq. no. 003).
Notwithstanding proper service upon them of the summons and verified amended complaint, these defendants have defaulted in answering or appearing in this case to date. Of note, although Tantillo purported to appear on behalf of Tantillo Law in motion sequence number 003, such "appearance" was ineffective, as, under to CPLR 321 (a), a corporation must appear by attorney. Because Tantillo is not a licensed attorney in the State of New York, he is incapable of appearing for Tantillo Law. Therefore, Tantillo Law has yet to enter an appearance in this action to date.
A. Default Judgment as against HBFL (3rd Cause of Action)
In the third cause of action, plaintiff asserts that HBFL breached the terms of the promissory note by failing to (1) pay to the Gross Trust all accrued and unpaid interest, charges, costs and expenses, as well as the outstanding balance of the Loan Amount, on or before the maturity date; (2) make monthly payments to the Gross Trust of interest on the disbursed amount at the rate of 12.5% per annum; (3) remit the late payment penalty on the payments towards the Loan Amount and the payments of interest which have been overdue since the maturity date; and (4) otherwise satisfy HBFL's obligations to the Gross Trust.
Plaintiff establishes the prima facie validity of her breach of contract claim by demonstrating (1) the existence of a valid contract, (2) her performance of the contract, (3) defendants' material breach of the contract, and (4) damages (see Noise In The Attic Productions, Inc. v London Records, 10 AD3d 303 [1st Dept 2004]). According to the verified amended [*5]complaint, the promissory note constitutes a valid, enforceable agreement between the Gross Trust and HBFL (see promissory note). In addition, plaintiff demonstrates, through her verified amended complaint, that HBFL breached by failing to (1) pay the outstanding principal balance of the Loan Amount, together with unpaid interest, charges, costs and expenses, (2) make monthly payments on interest on disbursed amounts, and (3) pay the late payment penalties on the payments toward the Loan Amount and payments of interest. Defendant, "by defaulting, is deemed to have admitted all traversable allegations in the complaint, including the basic allegation[] of liability" (Bigio v Gooding, 213 AD3d 480, 481 [1st Dept 2023] [quotation marks omitted]). HBFL's liability is therefore established.
However, plaintiff has not alleged or submitted proof of the amount of damages as against HBFL. Pursuant to CPLR 3215 (d), "[w]henever a defendant has answered and one or more other defendants have failed to appear [or] plead . . . , the court may enter an ex parte order directing that proceedings for the . . . direction of a reference be conducted at the time of or following the trial or other disposition of the action against the defendant who has answered." Here, as defendant Brent S. Tantillo has answered the verified amended complaint, the court directs an inquest to be held following trial or other disposition of the action as against Tantillo.
B. Default Judgment as against Atlas (10th and 11th Causes of Action)
In the tenth cause of action, plaintiff asserts a claim for money had and received against Atlas with respect to the Loan Amount which Atlas allegedly received from the Escrow Account. In the eleventh cause of action, plaintiff asserts an unjust enrichment claim against Atlas for the same transfer of funds.
Plaintiff establishes, prima facie, the merits of her claims against Atlas. The elements of money had and received are that "(1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money" (Cordaro v AdvantageCare Physicians, P.C., 208 AD3d 1090, 1094 [1st Dept 2022]). According to the verified amended complaint, Atlas received the Loan Amount from the Escrow Account that belonged to plaintiff under the promissory note, benefitted from receipt of the money, and, under principles of equity and good conscience, should not be permitted to keep the money (see id.).
To state a cause of action for unjust enrichment, the plaintiff must allege "that (1) the other party was enriched, (2) at plaintiff's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (111 W. 57th Inv. LLC v 111 W57 Mezz Inv. LLC, 220 AD3d 435, 437 [1st Dept 2023] [alterations omitted]). Unjust enrichment "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff. Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled" (E.J. Brooks Co. v Cambridge Sec. Seals, 31 NY3d 441, 455 [2018]). According to the verified amended complaint, although Atlas was not party to the promissory note and, rather, was merely the recipient of Tantillo Law's transfer of approximately $2,007,500.00 from the Escrow Account to its bank account, it is not entitled to keep this sum, as these funds were to be safeguarded for payment to plaintiff (see 111 W. 57th Inv.; E.J. Brooks Co.).
As for damages, plaintiff establishes through the verified amended complaint her entitlement to $2 million in Atlas's possession. Under CPLR 5001 (a), plaintiff is also entitled to [*6]prejudgment interest at a rate and from a date in the court's discretion. A statutory rate of 9% per annum on this amount is proper for such equitable actions (see, e.g., Eighteen Holding Corp. v Drizin, 268 AD2d 371, 372 [1st Dept 2000]). The interest should be computed from July 28, 2018, a reasonable intermediate date between the first and last dates that Tantillo Law transferred the amounts to Atlas (see CPLR 5001 [b]; verified amended complaint para 48).
C. Default Judgment as against Wise (2nd, 7th, 9th, 10th, 11th Causes of Action)
In addition, plaintiff seeks default judgment as against Wise on the second cause of action for fraudulent concealment, the seventh cause of action for aiding and abetting a breach of fiduciary duty, the ninth cause of action for aiding and abetting conversion, the tenth cause of action for money had and received, and the eleventh cause of action for unjust enrichment.
First, the elements of fraudulent concealment are "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011]). In addition, plaintiff must "set forth that the defendant had a duty to disclose material information" (Swersky v Dreyer & Traub, 219 AD2d 321, 326 [1st Dept 1996]). According to the verified amended complaint, Wise failed to disclose that he had an ownership interest in HBFL, exercised control over HBFL's inventory, had access to its accounts, and was empowered to transfer funds belonging to HBFL (see verified amended complaint paras 65-68, 83, 86-87). However, there are simply no facts pleaded or proven that plaintiff had any contact, let alone any relationship, with Wise that would give rise to a duty on Wise's part to disclose his involvement in HBFL. "In the absence of a contractual relationship or a confidential or fiduciary relationship, a party may not recover for fraudulent concealment of fact, since absent such a relationship, there is no duty to disclose" (900 Unlimited v MCI Telecom. Corp., 215 AD2d 227, 227 [1st Dept 1995]). There is also no factual allegation demonstrating an intent by him to defraud (see Mandarin Trading Ltd.). The motion is therefore denied with respect to the fraudulent concealment claim as to Wise.
Second, a claim of aiding and abetting a breach of fiduciary duty requires plaintiff to prove, prima facie, "(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach" (Schroeder v Pinterest Inc., 133 AD3d 12, 24-25 [1st Dept 2015]). This claim is premised on the Tantillo defendants' alleged breach of their fiduciary duties by releasing the funds they were holding in escrow to Atlas in violation of the promissory note, as asserted in the sixth cause of action against the Tantillo defendants. This claim is duplicative of the fifth cause of action for breach of contract, and, absent a viable cause of action for breach of fiduciary duty, the aiding and abetting claim must be dismissed (see Park Armory LLC v Icon Parking Sys. LLC, 203 AD3d 442, 443 [1st Dept 2022]).
Third, a claim for aiding and abetting conversion "requires the existence of a conversion by the primary tortfeasor, actual knowledge, and substantial assistance" (William Doyle Galleries, Inc. v Stettner, 167 AD3d 501, 505 [1st Dept 2018]). For similar reasons as above, the underlying claim of conversion is duplicative of plaintiff's breach of contract claim. Without a viable underlying conversion claim, the aiding and abetting claim must therefore be dismissed (see Dragons 516 Ltd. v GDC 138 E 50 LLC, 201 AD3d 463, 464 [1st Dept 2022]).
Plaintiff also asserts the tenth and eleventh causes of action for money had and received [*7]and unjust enrichment against Wise, as she does against Atlas. Plaintiff asserts that Wise is one of only two members of Atlas, owning 50 percent of the company (see verified amended complaint, para 15, exhibit C art 1.7), and that Wise has used the Loan Amount for his own purposes (see id. paras 140, 144).
It is well-settled that "owners are normally not liable for the debts of the corporation, and that it is perfectly legal to incorporate for the express purpose of limiting the liability of the corporate owners" (Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp., 296 AD2d 103, 109 [1st Dept 2002]). The exceptions to that rule are where the owner commits "independent tortious acts" or where sufficient cause exists to "pierce the corporate veil" (id.). Here, plaintiff simply has not alleged or proven that Wise committed any independent tort that resulted in Atlas's receipt of the Loan Amount. Indeed, there are no allegations that Atlas took any part in the wrongful conduct committed by HBFL and the Tantillo defendants.
The question, then, is whether sufficient cause exists to pierce the corporate veil to hold Wise liable under the claims for money had and received and unjust enrichment. A party seeking to pierce the corporate veil must show "complete domination of the corporation in respect to the transaction attacked" and that "such domination was used to commit a fraud or wrong against the plaintiff" (Cortlandt St. Recovery Corp. v Bonderman, — AD3d —, 207 NYS3d 52, 2024 NY Slip Op 01250 [1st Dept 2024]). Furthermore, "[m]ere conclusory allegations that the corporate structure is a sham are insufficient to warrant piercing the corporate veil" (id.). Here, while plaintiff alleges that Wise owns 50 percent of Atlas and totally controls its accounts, this is insufficient to demonstrate "complete domination" (see id.). In addition, plaintiff fails to demonstrate that Wise used the corporate form of Atlas to commit any "fraud or wrong" against plaintiff (id.). Accordingly, plaintiff fails to demonstrate entitlement to default judgment with respect to the tenth and eleventh causes of action as against Wise.
D. Default Judgment as against Tantillo Law (5th, 6th, and 8th Causes of Action)
In motion sequence number 005, plaintiff seeks default judgment as against Tantillo Law generally. The court notes that only the fifth, sixth, eighth, and twelfth causes of action, respectively, for breach of contract, breach of fiduciary duty, conversion, and accounting, are asserted as against Tantillo Law.
In the fifth cause of action, plaintiff asserts that Tantillo Law breached the terms of the promissory note. Plaintiff establishes, prima facie, the elements of a breach of contract claim (see Noise In The Attic Productions, Inc.). According to the verified amended complaint, Tantillo Law breached the promissory note by (1) releasing the Loan Amount from the Escrow Account to Atlas; (2) releasing the Loan Amount from the Escrow Account without having obtained contracts, or other satisfactory proof, reflecting the sale of a hearing device by HBFL and the guarantee of payment by Denefits or JP Morgan; (3) failing to provide the Gross Trust with monthly reports regarding HBFL's sold inventory and the Guaranteed Payments received by HBFL; (4) failing to provide the Gross Trust with monthly reports regarding the disbursements and the payments to the Gross Trust and whether those payments were interest, fees, or principal; and (5) failing to file UCC financing statements evidencing the financing secured by the promissory note." Having failed to answer, Tantillo Law fails to rebut this prima facie proof (see Bigio v Gooding at 481).
The sixth and eighth causes of action for breach of fiduciary duty and conversion are based on the same conduct as the breach of contract claim and, as previously noted, are thus [*8]duplicative of the breach of contract action. Indeed, plaintiff in her papers admits they are based on the "same conduct" (see brief for plaintiff in support of mot. seq. no. 005 at 9). The two claims are accordingly dismissed.
In the twelfth "cause of action," plaintiff seeks an equitable accounting from Tantillo Law as to "all money and property received and disbursed or assigned by the Tantillo defendants" and "all of their acts and doings[] in connection with the [escrow provisions of the promissory note]" (verified amended complaint para 153). This relief is inappropriate where an adequate remedy at law exists (see Atlantis Mgt. Group II LLC v Nabe, 177 AD3d 542, 543 [1st Dept 2019]). Here, the promissory note requires the Escrow Agent to provide monthly reports of disbursements from and payments to the Escrow Account (see promissory note at 2). Accordingly, as plaintiff may seek the relief by enforcing the promissory note, plaintiff's application for an accounting must be denied (see Atlantis Mgt. Group II, LLC). To the extent plaintiff seeks judgment "for any sum or balance found to be due" under the accounting claim, the application is duplicative of that sought under the breach of contract claim, and it is also denied.
With liability established as to the breach of contract claim, the court directs damages to be determined at the aforementioned inquest following trial or other disposition of the action against Tantillo.
Accordingly, it is hereby
ORDERED that plaintiff's motion for leave to enter default judgment (mot. seq. no. 004) is granted in part, to the limited extent that plaintiff is granted leave to enter default judgment as against defendant Hearing Better for Life, LLC on the third cause of action on the issue of liability, with damages to determined at an inquest to be held following trial or other disposition of the action as against defendant Brent S. Tantillo; and as against defendant Atlas Worldwide LLC on the tenth and eleventh causes of action, with damages as set forth below; and it is further
ORDERED that the seventh and ninth causes of action are dismissed as against Wise; and it is further
ORDERED that plaintiff's motion for leave to enter default judgment (mot. seq. no. 005) is granted in part, to the limited extent that plaintiff is granted leave to enter default judgment as against Tantillo Law, PLLC on the fifth cause of action on the issue of liability, with damages to be determined at the aforementioned inquest following trial or other disposition of the action as against defendant Brent S. Tantillo; and it is further
ORDERED that the sixth and eighth causes of action are dismissed as against Tantillo Law, PLLC; and it is further
ORDERED that the Clerk of the court is directed to enter judgment for plaintiff against defendant Atlas Worldwide LLC in the principal sum of $2 million, together with prejudgment interest at the statutory rate from July 28, 2018; and it is further
ORDERED that the motions (seq. nos. 004, 005) are, in all other respects, denied.
DATE May 6, 2024
ROBERT R. REED, J.S.C.