Rational Special Situations Income Fund v Bank of N.Y. Mellon (2025 NY Slip Op 03147)

Rational Special Situations Income Fund v Bank of N.Y. Mellon

2025 NY Slip Op 03147

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Kern, J.P., González, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 656501/22|Appeal No. 4410|Case No. 2024-05457|

[*1]Rational Special Situations Income Fund, Plaintiff-Appellant,
v
The Bank of New York Mellon, et al., Defendants-Respondents.

Fleischman Bonner & Rocco, LLP, White Plains (Patrick L. Rocco of counsel), for appellant.
Mayer Brown LLP, New York (Christopher J. Houpt of counsel), for The Bank of New York Mellon, respondent.
Debevoise & Plimpton LLP, New York (Mark P. Goodman and Patrick Corcoran of counsel), for Syncora Guarantee Inc., respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about August 19, 2024, which granted the respective motions of defendants Bank of New York Mellon (BNY) and Syncora Guarantee Inc. (SGI) to dismiss the complaint as against them pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
This action involves the Voyager Trusts, which were created in 2009 due to the financial crisis, when defendant SGI became liable to pay increasing amounts under insurance policies issued to trusts containing mortgage-backed securities. To restructure its liabilities, SGI entered into a series of agreements that conveyed the notes issued by the underlying issuers to the Voyager Trusts, which then issued uninsured cash flow certificates (UCFs) and insured cash flow certificates (ICFs). Defendant BNY was named as trustee to the Voyager Trusts, and plaintiff purchased the outstanding UCFs issued by each Voyager Trust, while SGI purchased the ICFs issued by each Voyager Trust. The Voyager Trusts are governed by the standard terms to trust agreement (the standard terms) and their respective trust agreements.
After the Voyager Trusts were created, SGI continued to pay claims to the underlying issuers. However, because SGI held the ICFs, it was entitled to be refunded via distributions for those claims, and it was still entitled to reimbursement under the cash waterfall provisions of the original trust indentures for past claim payments. Thus, to prevent SGI from receiving duplicative payments, SGI and BNY entered into assignment agreements, which required BNY, as trustee for the underlying issuers, to deposit all reimbursements into collection accounts governed by collection account agreements (CAAs).
Plaintiff brought this action against BNY and SGI, alleging that BNY failed to properly allocate funds under the standard terms and CAAs, preventing the reimbursements from flowing into the Voyager Trusts. Plaintiff alleged as a first cause of action for breach of contract that BNY breached section 3 of the standard terms by improperly calculating the amounts due to plaintiff as the holder of UCFs, instead paying those funds to SGI as claim reimbursements. Plaintiff alleged as a second cause of action for unjust enrichment, that SGI had been enriched by a windfall of millions of dollars that should have been paid to plaintiff as the holder of the UCFs.
After reviewing all relevant written agreements, the court correctly concluded that plaintiff failed to state a claim for breach of contract against BNY (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see also Alloy Advisory, LLC v 503 W. 33rd St. Assoc., Inc., 195 AD3d 436, 436 [1st Dept 2021]). Under the plain language of the standard terms and the CAAs, BNY was not required to transfer funds from the collection accounts to the Voyager Trusts' certificate distribution accounts (CDAs). The sections of the standard terms cited by plaintiff unambiguously direct BNY to deposit amounts received [*2]by the Voyager Trusts into CDAs, withdraw those amounts, and distribute them to certificate holders. According to the undisputed allegations in the complaint, the Voyager Trusts never received those funds, which were instead disbursed to SGI directly from the collection accounts without ever being allocated to the Voyager Trusts. The relevant provisions of the CAAs unequivocally state that the funds in the collection accounts are first paid to SGI to cover interest and to repay SGI claim amounts to a specified aggregate threshold. Once those are fully repaid, the remaining funds are allocated to the post closing holders, which includes the Voyager Trusts. The standard terms contemplate that reimbursements may ultimately be received by the Voyager Trusts and paid out according to the cash waterfall provisions. Thus, the complaint fails to state a claim for breach of contract, as the contracts at issue do not contain the promise that BNY allegedly breached (see MBIA Ins. Corp. v Merrill Lynch, 81 AD3d 419, 420 [1st Dept 2011]).
The court also correctly dismissed plaintiff's claim for unjust enrichment (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]). The dispute at issue here is wholly governed by the CAAs and the standard terms, so quasi-contract relief is precluded, even though plaintiff is only a party to the standard terms and not the CAAs (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; see also Dragons 516 Ltd. v GDC 138 E 50 LLC, 201 AD3d 463, 464 [1st Dept 2022]). Moreover, the court correctly concluded that the relationship between plaintiff and SGI, as co-investors in the Voyager Trusts, was too attenuated to support a claim for unjust enrichment, as the record does not reflect any direct dealings between plaintiff and SGI or any other connection that could have caused reliance or inducement (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 517 [2012]; see also Mandarin Trading, 16 NY3d at 182; Schroeder v Pinterest Inc., 133 AD3d 12, 27 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025