■ HARTEJ CORP., Appellant, v PEPSICO WORLD TRADING CO., INC., et al., Respondents, et al., Defendant. [680 NYS2d 237] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered August 8, 1997, dismissing the complaint, and bringing up for review an order, entered on or about June 25, 1997, which, in an action by plaintiff distributor against defendants supplier and its parent for breach of an exclusive distribution agreement, granted the parent's motion to dismiss the complaint as against it for failure to state a cause of action, unanimously affirmed, with costs.

The complaint is totally devoid of factual, or even conclusory, allegations tending to show defendant parent's liability for the subject transactions. This pleading defect is not remedied by either the documents that plaintiff submitted in opposition to the motion, which nowhere mention the parent, or plaintiff's affidavit, which contains no evidence of self-dealing, commingling of funds, lack of corporate formalities or other veil-piercing indicia (*see, International Credit Brokerage Co. v Agapov*, 249 AD2d 77; *TNS Holdings v MKI Sec. Corp.*, 243 AD2d 297, 300, *rev on other grounds* 92 NY2d 335), and no facts tending to show, or even the allegation, that defendant subsidiary was used for the purpose of committing a wrong (*see, TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, *supra*; *Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142). The claimed need for disclosure provides no basis to forestall dismissal (*see, Sovereign Metal Corp. v Ciraco*, 210 AD2d 75, 76). We have considered plaintiff's other

contentions, including that regarding the subsidiary's alleged noncompliance with Business Corporation Law § 1309, and find them to be without merit. Concur—Sullivan, J. P., Nardelli, Williams and Mazzarelli, JJ.