■ AMERICAN STATES INSURANCE COMPANY, Respondent, v GREGORY G. HUFF et al., Defendants, and ALLEVIATION MEDICAL SERVICES, P.C., et al., Appellants. [990 NYS2d 489]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about March 22, 2013, which, insofar as appealed from as limited by the briefs, granted so much of plaintiff's motion for summary judgment as sought a declaration that plaintiff properly disclaimed coverage of its insured, defendant Gregory Huff (defendants Alleviation Medical Services, P.C. and Great Health Care Chiropractic P.C.'s assignor), based, inter alia, on Huff's breach of a condition precedent to coverage under the policy, and a permanent stay of any arbitration or court hearing for no-fault benefits arising from the underlying alleged accident involving Huff, and declared, among other things, that the disclaimer is proper, unanimously affirmed, with costs.

The instant action arises out of an automobile accident that occurred on or about April 28, 2011, involving a vehicle insured by plaintiff. The vehicle's owner and driver, defendant Gregory Huff, assigned his no-fault insurance benefits to defendant medical providers. Plaintiff commenced this action, in effect, seeking a declaration that it is not obligated to pay these no-fault benefits to defendants because, among other reasons, Huff failed to complete an examination under oath (EUO), as required by the subject insurance policy. Thus, plaintiff asserts that Huff breached a condition precedent to coverage under the policy, and defendant medical providers are not entitled to recover Huff's no-fault benefits.

We find that Supreme Court properly granted summary judgment in plaintiff's favor. In support of its motion, plaintiff relied primarily upon Huff's EUO, which was corroborated by the affidavit of plaintiff's investigator who was present at the examina-

tion. The EUO established that Huff appeared for his EUO, but departed before questions regarding the accident and his injuries had been asked. The aborted EUO of Huff, the named insured, established a prima facie case that Huff had breached a condition precedent to coverage under the policy.

In opposition, defendants do not dispute what occurred at the EUO. Instead, defendants argue that the transcript of the EUO was inadmissible. We find, however, that the EUO transcript of Huff was admissible evidence on the motion for summary judgment as it was certified by the court reporter and is considered a party admission (*see Zalot v Zieba*, 81 AD3d 935, 936 [2d Dept 2011], *lv denied* 17 NY3d 703 [2011]). Even if this were not the case, the affidavit of plaintiff's investigator confirms that Huff did not seek another EUO, a fact the insured does not dispute. Insofar as defendants complain that plaintiff did not seek another EUO, the record demonstrates that Huff, represented by counsel, was advised of the ramifications of his refusal to continue the EUO, and confirmed that he understood.

An assignee "stands in the shoes" of an assignor and thus acquires no greater rights than its assignor (*see Arena Constr. Co. v Sackaris & Sons*, 282 AD2d 489 [2d Dept 2001]; *see also Dilon Med. Supply Corp. v Travelers Ins. Co.*, 7 Misc 3d 927, 930 [Civ Ct, Kings County 2005]). Since the defense of the breach of a condition precedent to coverage under the policy may indisputably be raised by plaintiff against Huff, it is available as against defendants, who accepted assignments of no-fault benefits (*see Hammelburger v Foursome Inn Corp.*, 54 NY2d 580, 586 [1981]; *Losner v Cashline, L.P.*, 303 AD2d 647, 648 [2d Dept 2003]). Concur—Sweeny, J.P., Renwick, Andrias, Richter and Kapnick, JJ.