Global Liberty Ins. Co. v Evans (2019 NY Slip Op 07716)





Global Liberty Ins. Co. v Evans


2019 NY Slip Op 07716


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10201 22398/16E

[*1] Global Liberty Insurance Co., Plaintiff-Appellant,
v
Akeem Evans, et al., Defendants, SML Acupuncture, P.C., Defendant-Respondent.


The Law Office of Jason Tenenbaum, P.C., Garden City (Talia Beard of counsel), for appellant.
Gary Tsirelman, P.C., Brooklyn (Stefan Belinfanti of counsel), for respondent.



Order, Supreme Court, Bronx County (Rubén Franco, J.), entered on or about April 9, 2019, which, as limited by the briefs, denied Global's motion for summary judgment to declare it does not owe no fault coverage to health care provider defendant SML Acupuncture, P.C. (SML) because defendant-assignor Akeem Evans failed to attend two properly scheduled examinations under oath (EUOs), unanimously affirmed, without costs.
Based on the claims adjuster's conflicting affidavits and an application for no-fault benefits that was dated September 15, 2015, and stamped as received by facsimile on October 11, 2011, Global failed to provide evidence sufficient to prove that the EUO letters were timely mailed (see Unitrin Advantage Ins. Co. v All of NY, Inc., 158 AD3d 449, 449 [1st Dept 2018]; National Liab. & Fire Ins. Co. v Tam Med. Supply Corp., 131 AD3d 851 [1st Dept 2015]; American Tr. Ins. Co. v Longevity Med. Supply, Inc., 131 AD3d 841, 841 [1st Dept 2015]).
Summary judgment was also correctly denied because issues of facts arise as to why Evans, who appeared at the EUO with counsel, left after counsel abruptly announced that he would no longer represent claimant (see American States Ins. Co. v Huff, 119 AD3d 478, 478-479 [1st Dept 2014]).
SML's contention that Global failed to provide notice as to the reasons why the claim was delayed "by identifying in writing the missing verification and the party from whom it was requested" (11 NYCRR 65-3.6(b)), is unpreserved, and its argument that it should be awarded attorneys' fees is unavailing, as this is an appeal from a declaratory action, not an arbitration (Insurance Law § 5106[c]; 11 NYCRR 65-4.10[j][4]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK