Wong v Wong (2022 NY Slip Op 01408)





Wong v Wong


2022 NY Slip Op 01408


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Moulton, Rodriguez, Pitt, JJ. 


Index No. 653145/13 Appeal No. 15434 Case No. 2020-05046 

[*1]Arthur Wong, Plaintiff-Appellant-Respondent,
v
Kenneth Wong, Defendant, Yu Dan Wong, Defendant-Respondent-Appellant. Her Justice Inc., & Sanctuary for Families, Amici Curiae.


Law Offices of Dean T. Cho, LLC, Forest Hills (Dean T. Cho of counsel), for appellant-respondent.
Freshfields Bruckaus Deringer US LLP, New York (Umer M. Ali of counsel), for respondent-appellant.
Gibson, Dunn & Crutcher LLP, New York (Christopher D. Belelieu of counsel), for amici curiae.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered November 9, 2020, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for summary judgment, denied the motion of defendant Yu Dan Wong (defendant) for summary judgment on her counterclaims and cross claims, and granted defendant's cross motion for summary judgment dismissing the complaint as against her to the extent of dismissing the cause of action for quantum meruit as against her, and otherwise denied the cross motion, unanimously modified, on the law, to grant defendant's cross motion to the extent of dismissing the cause of action for unjust enrichment as against her, and otherwise affirmed, without costs.
The motion court correctly denied summary judgment to both parties on plaintiff's cause of action for a declaration that he is the sole owner of the shares for the cooperative apartment, and on defendant's counterclaims for actual and constructive fraudulent conveyance under the former Debtor and Creditor Law. Although the 2004 agreement executed by plaintiff, his brother Kenneth Wong, and an officer of the nonparty cooperative, together with the 2004 stock certificate signed by two officers of the cooperative, unequivocally granted plaintiff's brother certain rights to the shares to the apartment under their plain terms (see W.W.W. Assoc., Inc. v Giancontieri, 77 NY2d 157, 162 [1990]), questions of fact remain as to whether the 2012 transfer from plaintiff's brother back to plaintiff constituted an actual or constructive fraudulent conveyance.
We decline to dismiss defendant's counterclaims as barred by res judicata based on the divorce action between defendant and plaintiff's brother, as plaintiff was not a party to the divorce action, and, having raised this argument for the first time on appeal, he has not demonstrated as a factual matter that he moved to intervene in the divorce action or that he is in privity with his brother for the purposes of res judicata (see City of New York v Welsbach Elec. Corp., 9 NY3d 124, 127 [2007]; see also Rojas v Romanoff, 186 AD3d 103, 111-112 [1st Dept 2020]).
As to plaintiff's cause of action for quantum meruit, the motion court correctly dismissed it, finding no basis for his assertion that he had an expectation of compensation from defendant for the provision of services (see Fulbright & Jaworski, LLP v Carucci, 63 AD3d 487, 488-489 [1st Dept 2009]). However, for similar reasons, the motion court should have granted summary judgment to defendant dismissing plaintiff's unjust enrichment claim. No party disputes that plaintiff and his brother had an agreement with respect to the payment of maintenance for the apartment, and the law is well settled that a nonsignatory to a contract cannot be held liable where there is an express contract covering the same subject matter (Feigen v Advance Capital Mgt. Corp., 150 AD2d 281, 283 [1st Dept 1989], appeal dismissed in part, denied in part 74 NY2d 874 [1989[*2]]). In such circumstances, plaintiff had no basis to rely on defendant to make the payments as a matter of law, nor do the facts indicate any inducement on defendant's part to "require a remedy to balance a wrong" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 183 [2011]).
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022