State Farm Fire & Cas. Co. v AA Acupuncture Serv., P.C. (2023 NY Slip Op 03562)

State Farm Fire & Cas. Co. v AA Acupuncture Serv., P.C.

2023 NY Slip Op 03562

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kern, J.P., Moulton, Mendez, Shulman, Rodriguez, JJ. 

Index No. 156268/20 Appeal No. 598-598A Case No. 2022-00570, 2022-00572 

[*1]State Farm Fire and Casualty Company, Plaintiff-Appellant,
v
AA Acupuncture Service, P.C., et al., Defendants-Respondents, Alignment Chiropractic, P.C., et al., Defendants.

Rivkin Radler LLP, Uniondale (Stuart M. Bodoff of counsel), for appellant.

Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about August 2, 2021, which, to the extent appealed from, denied plaintiff's motion for a default judgment on its first and second causes of action declaring that plaintiff owes no duty to pay the claims of the defaulting defendants arising out of the underlying automobile collision because the collision was intentional or staged, and on its fourth cause of action declaring that it is not obligated to pay the claims of the defaulting defendants related to defendant Charlene Bruno, unanimously reversed, on the law, without costs, the motion granted, and it is so declared. Appeal from order, same court and Justice, entered on or about October 5, 2021, which denied plaintiff's motion for leave to reargue, unanimously dismissed, without costs, as academic.
This declaratory judgment action concerns claims for no-fault insurance benefits made in connection with an automobile accident that occurred on July 5, 2019. As to the first and second causes of action seeking a declaration of noncoverage because the accident was not a covered event, as it was intentional or staged, plaintiff submitted sufficient evidence warranting entry of a default judgment (see CPLR 3215 [f]; State Farm Mut. Auto. Ins. Co. v Surgicore of Jersey City, LLC, 195 AD3d 454, 455 [1st Dept 2021]). The claim representative's affidavit, as well as additional evidence submitted, and the examination under oath (EUO) testimony of two of the three claimants adequately set forth the factual basis for plaintiff's belief that the crash was not a covered event. These submissions were sufficient to determine that viable declaratory judgment claims of noncoverage exist, and, by failing to answer, the defaulting defendants are deemed to have admitted the factual allegations in the complaint (see generally Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]; Surgicore, 195 AD3d at 455).
In light of the foregoing, plaintiff was also entitled to a default judgment on its fourth cause of action seeking a declaration that it is not obligated to defend or pay the claims related to defendant Bruno (see Matter of Liberty Mut. Ins. Co. v Goddard, 29 AD3d 698, 699 [2d Dept 2006]). In any event, plaintiff submitted sufficient evidence that it owes no duty to pay any claims related to Bruno based on her failure to appear for an EUO (see American States Ins. Co. v Huff, 119 AD3d 478, 479 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023