Iberdrola Energy Projects v MUFG Union Bank, N.A. (2023 NY Slip Op 03841)

Iberdrola Energy Projects v MUFG Union Bank, N.A.

2023 NY Slip Op 03841

Decided on July 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 13, 2023

Before: Kern, J.P., Friedman, Gesmer, Moulton, Rodriguez, JJ. 

Index No. 653515/21 653516/21 Appeal No. 250-251, 252 & M-1599 Case No. 2022-01963, 2022-01964, 2022-02112 

[*1]Iberdrola Energy Projects, Plaintiff-Respondent-Appellant,
v
MUFG Union Bank, N.A., et al., Defendants-Appellants-Respondents, Does 1-50, Defendants.
Iberdrola Energy Projects, Plaintiff-Respondent-Appellant,
v
Zions Bancorporation, N.A., Doing Business as Zions First National Bank, Defendant-Appellant, Respondent, Does 1-50, Defendants.

Mayer Brown LLP, New York (Rory K. Schneider of counsel), for MUFG Union Bank, N.A., BNP Paribas S.A., BNP Paribas Fortis, CIT Bank, N.A., Cobank ACB, Credit Agricole Corporate and Investment Bank, S.A., GE Capital EFS Financing, Inc., Industrial and Commercial Bank of China Limited, New York Branch, Migdal Insurance Company, Ltd., Migdal Makefet Pension and Provident Funds, Ltd., Mizuho Bank, Ltd., Natwest Markets PLC, Norddeutsche Landesbank Girozentrale, New York Branch, SPT Infrastructure Finance Sub-2, Ltd., Sumitomo Mitsui Banking Corporation, Sumitomo Mitsui Trust Bank Limited, New York Branch,Sun Life Assurance Company of Canada, Yozma Pension Fund of Self-Employed Ltd., and Zions Bancorporation, N.A., appellants-respondents.
Eversheds Sutherland (US), New York (David A. Wender, of the bar of the State of Georgia, admitted pro hac vice, of counsel), for Truist Bank, appellant-respondent.
Steptoe & Johnson LLP, New York (Robert W. Mockler of counsel), and Steptoe & Johnson, LLP, Los Angeles, CA (Thomas B. Watson of the bar of the State of California, admitted pro hac vice of counsel), for respondent-appellant.

Orders, Supreme Court, New York County (Jennifer Schecter, J.), entered April 5, 2022, which, to the extent appealed from, denied defendants' motion to dismiss the claims for aiding and abetting tortious interference with contract, conspiracy to commit tortious interference with contract, conversion, and unjust enrichment, and granted their motion to dismiss the claim for unfair trade practices under Massachusetts General Laws chapter 93A, § 11 and tortious interference with the arbitration clause of the contract, unanimously modified, on the law, to grant the motion to dismiss the unjust enrichment claim, and otherwise affirmed, without costs.
The court correctly denied defendants' motions to dismiss the aiding and abetting and conspiracy claims. The aiding and abetting and conspiracy claims will "stand[] or fall[] with the underlying tort," that is, the alleged tortious interference by nonparty Oaktree Capital Management L.P. (Oaktree) with the Engineering, Procurement and Construction (EPC) contract between plaintiff and nonparty Footprint Power Salem Harbor Development L.P. (Footprint) (Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 474 [1st Dept 2010] [internal quotation marks omitted]). Defendants, as lenders, do not contend that plaintiff failed to plead the underlying elements of the aiding and abetting and conspiracy claims other than to argue that plaintiff is unable to establish the underlying tortious interference claim against Oaktree. However, under the circumstances, plaintiff was not required to affirmatively plead around an anticipated economic interest defense, since the economic interest defense is not an element of an aiding and abetting or conspiracy claim, but rather a defense to the underlying tort (see Bogoni v Friedlander, 197 AD2d 281, 286 [1st Dept 1994], lv denied 84 NY2d 803 [1994]). Defendants make no other arguments that would require dismissal of these claims.
The court also correctly found that plaintiff stated a claim for conversion of the proceeds of a performance letter of credit that plaintiff had posted, which Footprint assigned to defendants as collateral to secure $730 million in financing, as permitted under the EPC contract. Plaintiff alleges that defendants facilitated Footprint's wrongful draw on the letter of credit and then converted the proceeds despite knowing that an arbitral panel had already determined that the proceeds belonged to plaintiff.
To prevail on the conversion claim, plaintiff must show that it "had legal title or an immediate superior right of possession to the identifiable fund and the exercise by defendants of unauthorized dominion over the money in question to the exclusion of plaintiff's rights" (Bankers Trust Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro, 187 AD2d 384, 385 [1st Dept 1992]). Defendants' contention that the conversion claim is insufficient because plaintiff never held legal title to the letter of credit proceeds is contrary to the holding in North Am. Airlines, Inc[*2]. v Wilmington Trust Co. (171 AD3d 616, 617 [1st Dept 2019]) in which we affirmed the grant of summary judgment to the plaintiff on a similar conversion claim.
However, the unjust enrichment claim should have been dismissed. "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (Clark-Fitzpatrick, Inc. v Long Island R.R. Co., 70 NY2d 382, 388 [1987]). It makes no difference that defendants are not parties to the contracts governing the dispute, as "a nonsignatory to a contract cannot be held liable where there is an express contract covering the same subject matter" (Wong v Wong, 203 AD3d 451, 452 [1st Dept 2022]; see also Dragons 516 Ltd. v GDC 138 E 50 LLC, 201 AD3d 463, 464 [1st Dept 2022]).
Plaintiff alleges that defendants were unjustly enriched when they participated in a nefarious scheme, allegedly called Plan B by defendants, "to unlawfully terminate the EPC Contract" based on "trumped up alleged material breaches." In this manner, defendants sought to create a pretext for Footprint's draw on the letter of credit, enabling defendants to obtain the proceeds as "a windfall." This claim is barred by the EPC contract, which involves the same subject matter. Section 13 of the contract contains termination provisions for convenience (requiring a termination fee) and for material breaches. Section 14 contains plaintiff's obligation to post the letter of credit; the circumstances under which Footprint may draw on the letter of credit; and Footprint's ability to assign the letter of credit to lenders as collateral. Section 17 contains arbitration provisions.
Despite this overlap in subject matter, plaintiff asserts that the unjust enrichment claim arises from facts independent of the EPC contract because the contract "does not say that the Lenders can keep funds from a pretextual draw that should not have been made, let alone do so after the arbitration provided for in the EPC Contract found Footprint's action to be wrongful." However, it is what the contract does say that is important, and its provisions speak to the transactions at issue. The fact that Footprint is in bankruptcy and unlikely to satisfy the arbitral award rendered in plaintiff's favor does not alter the fact that the unjust enrichment claim is based on a chain of events that arose out of the subject matter of the EPC contract.
Plaintiff's reliance on Joseph Sternberg, Inc. v Walber 36th St. Assoc. (187 AD2d 225 [1st Dept 1993]) and Sebastian Holdings, Inc. v Deutsche Bank, AG. (78 AD3d 446[1st Dept 2010]) does not compel a different result. In Joseph Sternberg, the contract did not bar the plaintiff from proceeding on a quantum meruit claim because, unlike here, the contract was ambiguous (187 AD2d at 228-229). In Sebastian Holdings, the determination that the unjust enrichment claim arose from facts independent of the contract was [*3]made at the early stage of litigation on a motion for preliminary injunction (78 AD3d at 448). Once the plaintiff's allegations were expanded in an amended complaint, the unjust enrichment claim was dismissed because it covered the same subject matter as the contract (see Sebastian Holdings, Inc. v Deutsche Bank, AG., 2012 NY Slip Op 33155[U], *26-27 [Sup Ct, NY County 2012], affd 108 AD3d 433 [1st Dept 2013]).
Moreover, "unjust enrichment is not a catchall cause of action . . . . It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]). Here, plaintiff states a claim against defendants for recognized torts, obviating the need for the creation of that obligation.
The court correctly dismissed plaintiff's unfair trade practices claim under Massachusetts General Laws chapter 93A as duplicative of plaintiff's other claims. In addition, the claim was subject to dismissal on the merits because the alleged underlying conduct did not primarily occur in Massachusetts (see Mass Gen Laws ch 93A, § 11). The complaint does not allege that defendants entered Massachusetts in connection with the alleged conduct, or that meetings took place in Massachusetts, much less that the actions and transactions underlying plaintiff's claim primarily and substantially took place in Massachusetts (see Lyons v Gillette, 882 F Supp 2d 217, 234 [D Mass 2012]).
The claim for tortious interference with the arbitration provision in the EPC contract was also properly dismissed. Plaintiff frames this claim on appeal as "tortious interference with an arbitral award," which is not the actual claim that was pleaded. The complaint alleges that defendants tortiously interfered with the arbitration provisions of the EPC contract, not that they tortiously interfered with the final arbitration award. To the extent plaintiff claims that defendants tortiously interfered with the EPC contract's arbitration clause by, among other things, amending the credit agreement in such a way that it rendered Footprint unable to satisfy the arbitration award, this claim is also subject to dismissal, as plaintiff fails to properly plead that there was an underlying breach of the arbitration clause by Footprint.
We have considered the parties' remaining contentions and find them unavailing. M-1599 — Iberdrola Energy Projects v MUFG Union Bank, N.A., et al.
Motion to strike reply brief granted to the extent of deeming the memorandum of law submitted in support of the motion as a properly filed surreply, and otherwise denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 13, 2023