| Albucker v Edirs |
|:---:|
| 2024 NY Slip Op 31860(U) |
| May 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655895/2016 |
| Judge: Gerald Lebovits |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** <u>**HON. GERALD LEBOVITS**</u> | **PART** 07 |
| *Justice* | |

-------------------------------------------------------------------------------X

STEVEN ALBUCKER and SAN MALONE ENTERPRISES, INC.,

                         Plaintiffs,

                       - v -

HAMID EDIRS, S&S INTERNATIONAL INC., UNIQUE MENSWEAR, INC., and H E INTERNATIONAL FASHIONS, INC.,

                         Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | <u>655895/2016</u> |
| **MOTION DATE** | <u>04/04/2024</u> |
| **MOTION SEQ. NO.** | <u>006</u> |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159

were read on this motion for          <u>            SUMMARY JUDGMENT            </u>.

*Law Offices of Donald M. Zolin*, New York, NY (Donald Zolin of counsel), for plaintiffs.
*Law Offices of Kareem El Nemr*, Astoria, NY (Kareem El Nemr of counsel), for defendants.

Gerald Lebovits, J.:

      In this action arising from a contract for the sale of men's suits, plaintiff Steven Albucker moves for summary judgment, individually and as assignee of plaintiff San Malone Enterprises. Albucker seeks $34,769 for the price of the suits, plus 2% contractual interest—both from corporate defendants S&S Enterprises and Unique Menswear and from defendant Hamid Edirs individually.

## BACKGROUND

      In November 2010 through February 2011, Edirs placed seven orders for men's suits with San Malone Enterprises through Albucker, a San Malone sales representative. (*See* NYSCEF No. 137 at ¶ 12.) The corresponding invoices show that Edirs ordered a total of $34,769 of goods for his businesses: corporate defendants S&S International and Unique Menswear.[1] (*See* NYSCEF No. 137 at ¶ 9.) Edirs admits that all goods were delivered. (*See* NYSCEF No. 149 at 64:5-7.) Yet Edirs never paid San Malone. Edir claims this was due to damaged or irregular goods, a claim Albucker disputes. As a term of Albucker's employment with San Malone, the $34,769 in

---

[1] The third corporate defendant, H E International Fashions, is believed to be the successor to S&S International.

[* 1]

unpaid goods was deducted from Albucker's commissions after 120 days. (NYSCEF No. 137 at ¶ 3.)

Albucker brought this action, asserting claims for both breach of contract (which he pursues as San Malone's assignee) and for unjust enrichment. Additionally, Albucker seeks to pierce the corporate veil to recover directly from Edirs as an individual. Albucker now moves for summary judgment. The motion is denied.

## DISCUSSION

### I.      Edirs's Argument that Albucker Lacks Standing

Albucker is bringing this action both individually and as assignee of San Malone. (NYSCEF No. 137 at ¶ 4.) Edirs contends that the instrument of assignment is inadmissible under CPLR 2309 (c) because it was notarized in California and lacks the necessary certificate of conformity. (*See* NYSCEF No. 156 at 7 ¶ 17.) Absent admissible evidence of the assignment, Edirs argues, Albucker has failed to show that he has standing to sue as San Malone's assignee, requiring denial of his motion. (*See id.* at 5-6.) The court is not persuaded by this argument.

Courts have not strictly applied CPLR 2309 (c); and they have found out-of-state affidavits admissible even absent a proper certificate of conformity. (*See Ruchames v New York & Presby. Hosp.*, 176 AD3d 602, 603 [1st Dept 2019]; *Matapos Tech. Ltd. v Compania Andina de Comercio Ltda*, 68 AD3d 672, 673 [1st Dept 2009].) The lack of a certificate of conformity "is a mere irregularity, not a fatal defect, which can be disregarded in the absence of a showing of actual prejudice." (*Capital One, N.A. v McCormack*, 183 AD3d 644, 628-629 [2d Dept 2020].) Edirs has not shown—indeed, does not attempt to show—prejudice. This court therefore disregards the absence of the certificate.

### II.      Albucker's Breach-of-Contract Claim

Under UCC 2-602, a buyer must notify the seller of rejection of goods "within a reasonable time" after delivery for the rejection to be effective. Whether the rejection was made in a "reasonable time" is generally a question of fact. (*New York City Off-Track Betting Corp. v Safe Factory Outlet, Inc.*, 28 AD3d 175, 178 [1st Dept 2006].) After notifying the seller of rejection, a buyer is obligated to hold the goods with "reasonable care. . . for a time sufficient to permit the seller to remove them." (UCC 2-602 [2] [b].) Failure to notify the seller of rejection within a reasonable time or doing anything "inconsistent with the seller's ownership" constitutes acceptance. (UCC 2-606 [1] [c].)

Albucker argues that Edirs accepted the goods under UCC 2-606 by failing to make an effective rejection within a reasonable time. (NYSCEF No. 137 at ¶¶ 2, 21, 27.) Albucker claims that Edirs never told Albucker that the suits were defective and that he would be rejecting them. (*See* NYSCEF No. 138 at ¶¶ 8-11; NYSCEF No. 148 at 110:10-111:17.) Albucker further argues that Edirs accepted the goods by exercising ownership over them—*i.e.*, by later selling the goods to a third party at a reduced price. (*See* NYSCEF No. 158 at ¶ 9.)

2

[* 2]

Edirs disputes Albucker's account. The record is unclear on whether Edir ever attempted to contact San Malone directly regarding the allegedly damaged goods. In his 2014 deposition, Edirs testified that a "language barrier" prevented him from contacting San Malone about the goods. (NYSCEF No. 149 at 53:24-54:21.) In Edirs's recent affirmation, he claimed he had "repeatedly attempted to contact" San Malone to reject the suits, but "each and every phone call . . . went unanswered." (NYSCEF No. 155 at ¶¶ 21-22.) Regardless Edirs has consistently represented that he notified Albucker that the suits were defective. (NYSCEF No. 149 at 43:10-44:13, 45:15-46:3, 53:24-54:21.) Edirs argues that in doing so he rightfully rejected the goods immediately upon discovering they were defective. (NYSCEF No. 156 at ¶ 35.) This contrary version of events is sufficient to create a material dispute of fact.

Albucker argues that Edirs's account is not believable, because it would suggest that approximately 650 suits sold in separate deliveries over the course of several months were all damaged. (*See* NYSCEF No. 158 at ¶ 9; NYSCEF No. 138 at ¶¶ 6, 11.) But the credibility of the parties' respective factual allegations is a question of fact for the jury. (*Asabor v Archdiocese of N.Y.*, 102 AD3d 524, 527 [1st Dept 2013].) Albucker's motion for summary judgment on his breach-of-contract claim is denied.[2]

### III.    Albucker's Unjust-Enrichment Claim

Albucker argues for the first time on reply that Edirs was unjustly enriched because he received the benefit of the goods delivered without paying for them; and that this benefit came at Albucker's expense because Albucker's commissions were garnished by San Malone to recover the cost of the goods. (*See* NYSCEF No. 158 at ¶ 11.) Generally, the court will not consider new arguments raised for the first time in a reply. (*Azzopardi v American Blower Corp.*, 192 AD2d 453, 453-454 [1st Dept 1993].) Courts may still consider newly introduced arguments, though, based on issues of law, rather than entailing the consideration of new facts. (*See Eujoy Realty Corp. v Van Wagner Communications, LLC*, 22 NY3d 413, 422 [2013].)

Assuming that Albucker's argument for summary judgment on his unjust-enrichment claim is properly before the court, the argument his unavailing. Unjust-enrichment claims are precluded when a valid and enforceable contract governs the subject matter or transaction at issue (*see EBC I, Inc. v Goldman Sachs & Co.*, 5 NY3d 11, 23 [2011]), unless the plaintiff is relying on facts that are related to, but independent of, the governing contract (*see Iberdrola Energy Projects v MUFG Union Bank, N.A.*, 218 AD3d 409, 411 [1st Dept 2023]). This limit applies even if the party asserting the claim was not a party to that contract. (*See Dragons 516 Ltd. v GDC 138 E 50 LLC*, 201 AD3d 463, 464 [1st Dept 2022].)

---

[2] The court also notes that Albucker has not shown on this motion that Edirs used his (putative) domination of the corporate defendants "*for the purpose of* committing a wrong," as required to warrant piercing the corporate veil and holding Edirs individually liable. (*Hartej Corp. v Pepsico World Trading Co.*, 255 AD2d 233, 233 [1st Dept 1998] [emphasis added].) At most, Albucker has provided evidence that Edirs committed a wrong while controlling the corporation's actions. That is not enough for veil-piercing. (*See East Hampton Union Free School Dist. v Sandpebble Bldrs, Inc.*, 16 NY3d 775, 776 [2011].)

3

[* 3]

The parties appear to agree that a valid contract existed between Edirs and San Malone. Edirs represents in several filings that he "contracted with" San Malone for the goods at issue. (NYSCEF No. 154 at ¶ 3, 29; NYSCEF No. 155 at ¶ 22; NYSCEF No. 156 at ¶ 36.) Edirs's contention is instead that no contract exists directly between himself and Albucker. This is undisputed. Assuming that a valid contract does exist between Edirs and San Malone, that contract would preclude Albucker's unjust-enrichment claim.

Even if Albucker is bringing this claim directly in his individual capacity, he is still precluded from recovering in unjust enrichment. Albucker's unjust-enrichment claim is based on the garnishment of his commissions stemming from Edirs's failure to pay San Malone. (NYSCEF No. 158 at ¶ 11.) As Albucker himself recognizes, he is essentially "stepp[ing] into the shoes of San Malone" to recover the commissions he lost due to Edirs's alleged breach of contract. (NYSCEF No. 137 at ¶ 2.) Albucker's unjust-enrichment claim would thus still depend on the terms of the underlying contract between Edirs and San Malone, not on facts independent of that contract. The unjust-enrichment claim is therefore foreclosed by the presence of that contract.

In short, Albucker may not recover against defendants in unjust enrichment, regardless of the capacity in which he is asserting the claim. Summary judgment dismissing the unjust-enrichment claim is therefore granted to defendants as non-moving parties. (*See* CPLR 3211 [b].)

Accordingly, it is

ORDERED that the branch of Albucker's motion seeking summary judgment on his breach-of-contract claims is denied; and it is further

ORDERED that the branch of Albucker's motion seeking summary judgment on his unjust-enrichment claims is denied, and summary judgment is awarded to defendants as non-moving parties; and it is further

ORDERED that the breach-of-contract claims are severed and shall continue; and it is further

ORDERED that Edirs serve a copy of this order with notice of its entry on all parties and on the office of the County Clerk (by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, https://ww2.nycourts.gov/courts/1jd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.

| 5/20/2024 | | | | HON. GERALD LEBOVITS |
|-----------|--|--|--|----------------------|
| **DATE** | | | | J.S.C. |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | |
|------------|--|-----------------|---|----------------------|--|
| | ☐ GRANTED | ☒ DENIED | ☐ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

4

[* 4]