## State Farm Fire & Cas. Co. v Active Care Chiro & Natural Wellness Ctr.

2025 NY Slip Op 31144(U)

April 7, 2025

Supreme Court, New York County

Docket Number: Index No. 159861/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   <u>HON. LYLE E. FRANK</u>                    PART          11M
                                          *Justice*

----------------------------------------------------------------------X

STATE FARM FIRE AND CASUALTY COMPANY,

                       Plaintiff,

                - v -

ACTIVE CARE CHIRO & NATURAL WELLNESS CENTER, ARD RX INC.,ARISTA PHYSICAL THERAPY P.C.,AUTO RX, BORUKHOV RADIOLOGY, PLLC D/B/A HIGHLINE RADIOLOGY, ELIYAHU'S PHARMACY INC.,EM MEDICAL SUPPLIES, CORP, FLATLANDS VOLUNTEER AMBULANCE AND FIRST AID CORPS, INC.,FRIENDLY RX, INC.,GOLD COAST MEDICAL CARE, PLLC,HOLLIS DRUGS, INC.,IRINA MEDICAL SUPPLIES, INC.,JANAN SAYYED, D.C., P.C.,MAXX SUPPLY CORP., MDCA PSYCHOLOGY CARE, P.C.,MEDICAL SUPPLY OF NY SERVICES INC.,NOURSEEN P.T. P.C.,ONE TOUCH HEALTH SUPPLY, INC.,ORTHOCORE SUPPLY, INC.,PEOPLE'S CHOICE PHARMACY NY CORP, RED MEDICAL SUPPLY, INC.,REHAB TIME PT, P.C.,S AND C CHIROPRACTIC, P.C.,S & K WARBASSE PHARMACY INC.,SPRING VALLEY MEDICAL CARE P.C.,WALMED EQUIPMENT LLC,NASIR WINDLEY, IMANI RICHARDSON, SHAWN LAWSON

                     Defendant.

----------------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 159861/2023 |
| MOTION DATE | 12/17/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 105, 107

were read on this motion to/for               JUDGMENT - SUMMARY        .

     Upon the foregoing documents, plaintiff's motion is granted in part and denied in part.

## Background

     On October 2, 2022, Nasir Windley ("Windley"), Shawn Lawson ("Lawson"), and Imani Richardson ("Richardson") were allegedly involved in a motor vehicle collision (the "Accident"). Multiple bills from medical providers were submitted to State Farm Fire and Casualty Company ("Plaintiff") as a result. Plaintiff investigated the incident and as a result believes that there is a "strong possibility that the collision was an intentional act or that the

**159861/2023   STATE FARM FIRE AND CASUALTY COMPANY vs. ACTIVE CARE CHIRO & NATURAL WELLNESS CENTER ET AL
Motion No.  002**

Page 1 of 5

[* 1]

alleged injuries of the Claimants did not arise from an insured incident." During the process of the investigation, Windley failed to appear for his EUOs on two or more occasions, Richardson left in the middle of an EUO and allegedly did not return for another one nor return her subscribed copy of the transcript, and Lawson appeared for his EUO but did not return a subscribed copy of the transcript. In an arbitration hearing on behalf of an assignee of Lawson, the arbitrator held that Plaintiff had not established that the Accident was fraudulent. This holding was affirmed in another arbitration between some of the parties in this case.

Plaintiff brought the underlying proceeding in October of 2023, seeking declaratory judgments that it owes no duty to pay the No-Fault benefits and claims of the defendants in relation to the Accident. In the present motion, Plaintiff seeks summary judgment against EM Medical Supplies Corp., Maxx Supply Corp., Nourseen P.T. P.C., People's Choice Pharmacy NY Corp., Rehab Time PT. P.C., S and C Chiropractic P.C., and Walmed Equipment LLC. (collectively, the "Appearing Defendants"). E.M. Medical Supplies Corp., Maxx Supply Corp., People's Choice Pharmacy NY Corp., and Walmed Equipment LLC (collectively, the "Javakov Defendants") have opposed the motion.

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016).

**159861/2023   STATE FARM FIRE AND CASUALTY COMPANY vs. ACTIVE CARE CHIRO & NATURAL WELLNESS CENTER ET AL**
**Motion No.  002**

**Page 2 of 5**

2 of 5

The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

Plaintiff argues that they are entitled to summary judgment on a fraud theory and that the respective alleged failures by the individuals involved in the Accident regarding the EUO process bars their claims. The Javakov Defendants oppose the motion for three reasons: 1) the fraud defense is collaterally estopped; 2) there is no evidentiary proof of Richardson's failure to return for an EUO; and 3) the failure to return subscribed EUO transcripts is not a valid No-Fault defense. For the reasons that follow, plaintiff's motion is granted as to claims for the treatment of Nasir Windley and Imani Richardson and denied as to claims for the treatment of Shawn Lawson.

*Collateral Estoppel Does Not Fully Bar This Motion*

The Javakov Defendants argue that Plaintiff is estopped from summary judgment on the grounds of fraud due to the previous arbitration hearings. Plaintiff argues that there is not an identity of parties or issues between the hearings and this case. In New York, "prior arbitration awards may be given preclusive effect in a subsequent judicial action." *Bernard v. Proskauer Rose, LLP*, 87 A.D.3d 412, 415 (1st Dept. 2011). The identity of the parties requirement means that "both actions must involve the same parties or their privies." *Rojas v. Romanoff*, 186 A.D.3d 103, 109 (1st Dept. 2020). Whether or not the Javakov Defendants can all be said to have privity with the parties in the two arbitration awards, the result of those hearings clearly raise an issue of fact that would bar summary judgment on that basis. But here Plaintiff advances other theories of why they do not have to provide No-Fault coverage for the Accident, which were not addressed at arbitration. Therefore, the previous arbitrations do not fully bar this motion.

**159861/2023   STATE FARM FIRE AND CASUALTY COMPANY vs. ACTIVE CARE CHIRO & NATURAL WELLNESS CENTER ET AL**
**Motion No.  002**

**Page 3 of 5**

### *Failure to Appear for EUOs*

Plaintiff also argues that they do not have No-Fault obligations here because Richardson failed to complete her duly scheduled EUOs and Windley failed to appear for his duly scheduled EUO. The Javakov Defendants do not contest the failure to appear by Windley. They argue that the only evidence that Richardson failed to return to complete her EUOs is inadmissible and therefore Plaintiff has failed to meet their burden as to her on this theory. Appearance at a duly scheduled EUO is a condition precedent to No-Fault coverage. *Unitrin Advantage Ins. Co. v. Bayshore Physical Therapy, PLLC*, 82 A.D.3d 559, 560 (1st Dept. 2011). Furthermore, in the First Department a plaintiff may establish that a party failed to appear to an EUO by submitting transcripts of the EUOs. *See State Farm Mut. Auto. Ins. Co. v. AK Global Supply Corp.*, 203 A.D.3d 556, 557 (1st Dept. 2022); *see also American States Ins. Co. v. Huff*, 119 A.D.3d 478, 479 (1st Dept. 2014). Therefore, Plaintiff has established their burden as relates to Windley and Richardson.

### *Failure to Return EUO Transcripts*

Plaintiff seeks summary judgment as relates to the claims by Lawson on the grounds that he failed to return subscribed EUO transcripts. A failure by a claimant to return a subscribed transcript is a violation of a condition precedent to coverage. *Hertz Vehicles, LLC v. Gejo, LLC*, 161 A.D.3d 549, 549 (1st Dept. 2018). Here, however, the request for a return of the subscribed transcript was only sent to Lawson's counsel, not the claimant himself. Under these circumstances, the Court cannot determine that Plaintiff has met their burden on a summary judgment motion as to claims by Lawson. Accordingly, it is hereby

ADJUDGED that plaintiff's motion is granted in part and denied in part; and it is further

**159861/2023   STATE FARM FIRE AND CASUALTY COMPANY vs. ACTIVE CARE CHIRO & NATURAL WELLNESS CENTER ET AL**
**Motion No.  002**

**Page 4 of 5**

4 of 5

ORDERED, ADJUDGED, and DECLARED that plaintiff has no duty to pay any No-Fault benefits in the form of sums, monies, damages, awards or benefits to defendants EM Medical Supplies Corp., Maxx Supply Corp., Nourseen P.T. P.C., People's Choice Pharmacy NY Corp., Rehab Time PT. P.C., S and C Chiropractic P.C., and Walmed Equipment LLC, their agents, employees, assignees or heirs arising out of any current or future proceeding, including without limitation, arbitrations and lawsuits seeking to recover No-Fault benefits with respect to claims on behalf of Nasir Windley and Imani Richardson regarding the collision that occurred on October 2, 2022, referenced in the complaint, and reference by claim number 32-40B5-90K; and it is further

ORDERED, ADJUDGED, and DECLARED that all No-Fault lawsuits, arbitrations, awards, and claims filed by defendants EM Medical Supplies Corp., Maxx Supply Corp., Nourseen P.T. P.C., People's Choice Pharmacy NY Corp., Rehab Time PT. P.C., S and C Chiropractic P.C., and Walmed Equipment LLC, on behalf of Nasir Windley and Imani Richardson regarding the October 2, 2022 collision referenced in the complaint, and referenced by claim number 32-40B5-90K are hereby stayed; and it is further

ADJUDGED that this order does not impact claims filed on behalf of Shawn Lawson regarding the October 2, 2022, collision referenced in the complaint under the claim number 32-40B5-90K.

20250407161844LFRANK9C568?1EFA3A4A868EBC193633034D11

__4/7/2025__
DATE

LYLE E. FRANK, J.S.C.

CHECK ONE:    [ ] CASE DISPOSED    [X] NON-FINAL DISPOSITION

[ ] GRANTED    [ ] DENIED    [X] GRANTED IN PART    [ ] OTHER

APPLICATION:    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

**159861/2023 STATE FARM FIRE AND CASUALTY COMPANY vs. ACTIVE CARE CHIRO & NATURAL WELLNESS CENTER ET AL**
**Motion No. 002**

**Page 5 of 5**

5 of 5

[* 5]