Bridgeton 396 Broadway Fee, LLC v HiRise Eng'g P.C. (2025 NY Slip Op 02868)

Bridgeton 396 Broadway Fee, LLC v HiRise Eng'g P.C.

2025 NY Slip Op 02868

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Renwick, P.J., Kern, Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 652458/18|Appeal No. 4334|Case No. 2024-02971|

[*1]Bridgeton 396 Broadway Fee, LLC, Plaintiff-Appellant,
v
HiRise Engineering P.C., Defendant-Respondent.

Georgoulis PLLC, New York (Chris Georgoulis of counsel), for appellant.
Marshall Dennehey, P.C., Melville (Martin A. Schwartzberg of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered April 8, 2024, which, after a nonjury trial, dismissed the complaint, unanimously affirmed, with costs.
At trial, plaintiff failed to establish a prima facie case against defendant on either of the causes of action in the complaint. As to the cause of action for breach of contract, the trial court correctly found that plaintiff did not proffer evidence showing that defendant failed to fulfill its contractual obligations. Plaintiff, a real estate developer, was the assignee of an agreement entered into by its lender with defendant, a bank engineer, and thus stood in the shoes of the lender (see New York & Presbyt. Hosp. v Country-Wide Ins. Co., 17 NY3d 586, 592 [2011]; Muller v Kling, 209 NY 239, 243 [1913]). Therefore, plaintiff acquired no greater rights than those possessed by the lender and was limited to claims its lender could have made with respect to the contract and to the damages suffered by the lender (see Matter of International Ribbon Mills [Arjan Ribbons, Inc.], 36 NY2d 121, 126 [1975]; American States Insurance Co. v Huff, 119 AD3d 478, 479 [1st Dept 2014]). The clear and unambiguous agreement between defendant and the lender obligated defendant to perform certain review tasks and generate specified reports for the lender, and the evidence showed that defendant performed those enumerated tasks. Furthermore, plaintiff's claim that defendant was obligated to certify payment requisitions made by its construction manager is unpersuasive because, as the trial testimony established, that task was the responsibility of the project's architect.
Moreover, plaintiff failed to set forth a prima facie case on its claim of professional malpractice because it did not proffer any expert testimony concerning the appropriate standard of care for a bank engineer (see 530 E. 89 Corp. v Unger, 43 NY2d 776, 777 [1977]; Talon Air Servs. LLC v CMA Design Studio, P.C., 86 AD3d 511, 515 [1st Dept 2011]).
We reject plaintiff's arguments that the court improperly allowed defendant's principal to testify and incorrectly admitted into evidence a document sent to defendant by plaintiff (see DeSimone v City of New York, 121 AD3d 420, 422 [1st Dept 2014]; K & K Enters. Inc. v Stemcor USA Inc., 100 AD3d 415, 415-416 [1st Dept 2012]). In any event, even assuming that the court erred in admitting the document into evidence, the error would be harmless, as the document was proffered during defendant's case, after plaintiff had rested without making a showing of breach, malpractice, or recoverable damages.
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025