**LuxUrban RE Holdings LLC v HANYC Found., Inc.**

2026 NY Slip Op 30681(U)

February 25, 2026

Supreme Court, New York County

Docket Number: Index No. 650322/2025

Judge: Phaedra F. Perry-Bond

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. PHAEDRA F. PERRY-BOND**

*Justice*

PART    35

---------------------------------------------------------------------------X

LUXURBAN RE HOLDINGS LLC,

                Plaintiff,

           - v -

HANYC FOUNDATION, INC.,KEY HOTELS LLC

                Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650322/2025 |
| MOTION DATE | 02/14/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion to/for               **DISMISSAL**           .

Upon the foregoing documents, Defendant HANYC Foundation, Inc.'s ("Foundation") motion to dismiss Plaintiff's first through fourth causes of action pursuant to CPLR 3211(a)(1), (a)(7), and 3016(b) is granted.

## I.    Background

As alleged in the Complaint, Plaintiff leases the building at 129 W. 46th Street, New York, New York (the "Premises") from Defendant Key Hotels LLC ("Key Hotels") to operate a hotel. Allegedly, pursuant to a contract with Department of Homeless Services ("DHS"), Foundation is paid by DHS to house homeless individuals and families seeking asylum and is required to remit a percentage of payments from DHS to Plaintiff based on rooms used to house individuals at the Premises. According to Plaintiff, despite receiving payments from October of 2023 through August of 2024, Foundation has failed to remit any payment to Plaintiff for the hotel rooms occupied. Defendants allegedly colluded to have the funds transferred to Key Hotels instead of Plaintiff.

650322/2025   LUXURBAN RE HOLDINGS LLC vs. HANYC FOUNDATION, INC. ET AL        Page 1 of 6
Motion No. 001

1 of 6

Plaintiff now sues Foundation and Key Hotels for breach of contract, fraud, conspiracy to commit fraud, and conversion. Key Hotels has not appeared, and Foundation moves to dismiss. Foundation argues Plaintiff cannot sue for breach of contract because it and Foundation never entered any contract. Foundation further argues that the fraud claim is too conclusory to sustain a CPLR 3211(a)(7) motion, and the conspiracy to commit fraud cannot exist as an independent cause of action. Finally, Foundation argues the conversion claim is duplicative of the flawed breach of contract claim. Plaintiff opposes.

## II. Discussion

### A. Breach of Contract

The motion to dismiss the breach of contract claim is granted. To adequately allege breach of contract, it must be alleged that a contract exists, plaintiff performed in accordance with that contract, defendant breached its contractual obligations, and the breach resulted in damages (*see 34-06 73, LLC v Seneca Insurance Company*, 39 NY3d 44 [2022]). As a preliminary matter, Plaintiff fails to annex the contract allegedly breached and fails to allege the existence of any oral contract. Further, Plaintiff fails to identify what provisions of the contract were breached (*see Herman v Judlau Contracting, Inc.*, 243 AD3d 441, 444 [1st Dept 2025] citing *34-06, 73, LLC v Seneca Ins. Co.*, 39 NY3d 44, 52 [2022] [to state a claim for breach of contract, "the plaintiff's allegations must identify the provisions of the contract that were breached"]).

Moreover, Plaintiff's allegations are also definitively contradicted by not only the contract produced by Foundation but are negated by the very evidence Plaintiff submitted in opposition to the motion. Plaintiff produced a contract signed by Plaintiff on December 2, 2023, but neither DHS nor the Foundation ever signed that contract (NYSCEF Doc. 15). E-mail correspondence submitted by Plaintiff shows that after Plaintiff executed the contract, Foundation did not

**650322/2025  LUXURBAN RE HOLDINGS LLC vs. HANYC FOUNDATION, INC. ET AL**      **Page 2 of 6**
**Motion No.  001**

2 of 6

[* 2]

countersign but instead sent Plaintiff a revised contract and requested, amongst other things, that Plaintiff produce proof of insurance. When Foundation followed up on January 3, 2024, Plaintiff responded unequivocally stating "[w]e will not be moving forward with the new hotel agreement and wish to terminate" (NYSCEF Doc. 17). Based on the correspondence which Plaintiff itself submitted on the motion, there was no "meeting of the minds" sufficient to give rise to a binding and enforceable contract (*see, e.g. Silber v New York Life Ins. Co.*, 92 AD3d 436, 439 [1st Dept 2012]).

Plaintiff also mistakenly relies on an assignment agreement (the "Assignment") whereby Key Hotels allegedly assigned its contract with DHS and Foundation. The Assignment is insufficient since on October 23, 2023, the same date the Assignment was allegedly executed, Key Hotels sent a notice of termination of the agreement which was the subject of the Assignment (*see* NYSCEF Doc. 17). It is axiomatic that an assignee acquires no greater rights than its assignor (*see Bridgeton 396 Broadway Fee, LLC v HiRise Engineering P.C.*, 238 AD3d 507, 507 [1st Dept 2025] citing *American States Ins. Co. v Huff*, 119 AD3d 478, 479 [1st Dept 2014]). Because at the time of assignment Key Hotels had terminated the contract, the contract Plaintiff was assigned was a terminated and null contract.

Second, Key Hotels' contract with DHS and Foundation expressly states that neither Foundation nor Key Hotels could assign the contract to any third party without the prior written consent of the non-assigning party (*see* NYSCEF Doc. 9 at ¶ 18[D]). In e-mail correspondence dated on November 13, 2023, submitted by Plaintiff in opposition to the motion, Foundation's chief financial officer and controller expressly advised Plaintiff "[y]ou cannot assign but I can help you to get a new agreement" (NYSCEF Doc. 18). As Key Hotels did not have the authority to assign the contract based on the lack of consent from DHS and Foundation, the assignment relied

650322/2025 LUXURBAN RE HOLDINGS LLC vs. HANYC FOUNDATION, INC. ET AL Page 3 of 6
Motion No. 001

3 of 6

[* 3]

upon is void (*see Craft EM CLO 2006-1, Ltd. v Deutsche Bank AG*, 178 AD3d 552, 552-553 [1st Dept 2019] [lack of compliance with condition precedent to assignment rendered assignment null and void]). Therefore, the breach of contract claim is dismissed against Foundation.[1]

### B. Fraud & Conspiracy to Commit Fraud

The motion to dismiss the fraud and conspiracy to commit fraud claims is granted. Fraud claims are subject to a heightened pleading standard pursuant to CPLR 3016(b) and must be supported by particularized facts. There must be factual specificity detailing a material misrepresentation, knowledge of the misrepresentation's falsity, an intent to induce reliance, justifiable reliance by the plaintiff, and damages (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). Here, Plaintiff alleges that Foundation committed fraud by claiming it had not received payments from DHS for hotel rooms occupied at the Premises from October 2023 through November 2024 and made that misrepresentation to avoid making contractually obligated payments to Plaintiff (NYSCEF Doc. 1 at ¶¶ 26-30). But that claim necessarily fails because, as discussed in the Court's analysis of the breach of contract claim, Plaintiff failed to allege that it was contractually entitled to payments. Moreover, it is not alleged when or who from Foundation advised Plaintiff that it had not received payments – in fact there is not even alleged a single particularized instance of Plaintiff demanding payment from Foundation (*see, e.g. Cedar Capital Management Group Inc. v Lillie*, 236 AD3d 508, 509 [1st Dept 2025] [spare allegations of material misrepresentations are not sufficiently particular to allege fraud]; *see also Schulman v Greenwich Associates, LLC*, 52 AD3d 234 [1st Dept 2008]).

---

[1] Plaintiff's reliance on an e-mail from Foundation requesting the Mayor's office inspect the Wi-Fi does not establish a valid and enforceable contract especially in lieu of the evidence, submitted by Plaintiff, that there was no meeting of the minds as to the entry of a contract between DHS, Plaintiff, and Foundation. That e-mail is also directed to individuals associated with Key Hotels, not Plaintiff (*see* NYSCEF Doc. 19).

**650322/2025   LUXURBAN RE HOLDINGS LLC vs. HANYC FOUNDATION, INC. ET AL**          Page 4 of 6
**Motion No. 001**

Nor can Plaintiff allege justifiable reliance as the e-mails submitted by Plaintiff in opposition to the motion show that Foundation advised Plaintiff, a sophisticated corporate entity running a hotel in New York's Times Square, that a new contract would need to be entered for payment to be effectuated, and repeatedly asked Plaintiff for the necessary documents and information to enter the new contract (*see, e.g. Rapaport v Strategic Financial Solutions, LLC*, 190 AD3d 657 [1st Dept 2021] [justifiable reliance is lacking where a sophisticated party is engaged in arms-length transaction and, with the exercise of ordinary intelligence, could have protected itself]; *see also MP Cool Investments Ltd. v Forkosh*, 142 AD3d 286, 291-292 [1st Dept 2016]; *HSH Nordbank AG v UBS AG*, 95 AD3d 185, 192 [1st Dept 2012]). Plaintiff also fails to allege intent as Plaintiff's own submissions in opposition to the motion show that Foundation repeatedly tried to enter a contract with Plaintiff, but it was Plaintiff who advised Foundation that they did not want to move forward with a new hotel agreement (NYSCEF Doc. 17).

Conspiracy to commit a civil tort is not an independent cause of action in New York (*Steier v Schreiber*, 25 AD3d 519, 522 [1st Dept 2006]). Because the underlying fraud claim is dismissed, so too is the conspiracy to commit fraud claim.

### C. Conversion

The conversion claim is dismissed. To allege conversion, Plaintiff must show it had legal title or the superior right of possession to certain property and defendant's dominion over the property or interference with it in derogation of Plaintiff's rights (*see Iberdrola Energy Projects v MUFG Union Bank, N.A.*, 218 AD3d 409, 410 [1st Dept 2023]). "[A]n action for conversion cannot be validly maintained where damages are merely being sought for breach of contract" (*see Liegey v Gadeh*, 198 AD3d 460, 461 [1st Dept 2021] quoting *Peters Griffin Woodward, Inc. v WCSC, Inc.*, 88 AD2d 883, 883-84 [1st Dept 1982]). Plaintiff alleges it had the "understanding

650322/2025 LUXURBAN RE HOLDINGS LLC vs. HANYC FOUNDATION, INC. ET AL Page 5 of 6
Motion No. 001

5 of 6

that 79 of the [Premises'] rooms would be given to DHS's clients and that Plaintiff would be paid for those 79 hotel rooms by [Foundation]" (NYSCEF Doc. 1 at ¶ 40). The conversion claim impermissibly seeks identical damages and is based on identical allegations to the breach of contract claim, requiring dismissal (*see also Dragons 516 Limited v GDC 138 E 50 LLC*, 201 AD3d 463, 464 [1st Dept 2022]; *Sebastian Holdings, Inc. v Deutsche Bank, AG*, 108 AD3d 433, 433-434 [1st Dept 2013]). To the extent the conversion claim references a lease entered between Plaintiff and Key Hotels, the claim would not be for conversion against Foundation but for breach of lease against Key Hotels

Nor can the Complaint be construed to assert a conversion claim based on Foundation's use of certain hotel rooms because "no claim for conversion will lie for interference with an interest in real property" (*Real World Holdings, LLC v 393 West Broadway*, 236 AD3d 447, 447 [1st Dept 2025]). Therefore, the conversion claim is also dismissed.

Accordingly, it is hereby,

ORDERED that Defendant HANYC Foundation, Inc.'s motion to dismiss Plaintiff's first through fourth causes of action as asserted against it is granted; and it is further

ORDERED that within ten days of entry, counsel for movant shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

2/25/26
**DATE**

HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | x | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

650322/2025   LUXURBAN RE HOLDINGS LLC vs. HANYC FOUNDATION, INC. ET AL          Page 6 of 6
Motion No. 001

6 of 6